UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

LOUIS J. MORGAN

    Plaintiff,      CASE NO.:

vs.

THE GEO GROUP, INC.,
A Florida For Profit Corporation

  Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LOUIS J. MORGAN, ("Plaintiff"), by and through his undersigned counsel, hereby files this Complaint and Demand for Jury Trial against, Defendant, THE GEO GROUP, INC., ("Defendant"), and alleges as follows:

### Jurisdiction and Venue

1. This is an action for damages by Plaintiff against his former employer for interference and retaliation in violation of the Family Medical Leave Act ("FMLA"), and disability discrimination and retaliation under the Americans with Disabilities Act ("ADA"), as amended by the ADA Amendment Acts of 2008, and the Florida Civil Rights Act of 1992 ("FCRA") as amended.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 USC §1331, and supplemental jurisdiction pursuant to 28 USC §1367.

1

3.    Venue is proper in this Court because all causes of action arising hereunder occurred in Broward County, Florida.

### Exhaustion of Administrative Remedies

4.    Prior to the filing of this civil action, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), which was dually filed on a timely basis with the Florida Commission on Human Relations (FCHR).

5.    Plaintiff received a Notice of Right to Sue letter from the EEOC indicating that the Plaintiff may proceed by filing a lawsuit in a court of competent jurisdiction.

### Parties and Factual Allegations

6.    Defendant is a Florida for-profit corporation doing business in Broward County, Florida.

7.    Defendant is a covered employer as defined by the FMLA, ADA and FCRA.

8.    Plaintiff is an individual *sui juris* residing in Broward County, Florida.

9.    Plaintiff is a disabled individual who suffers from a serious health condition.

10.   Plaintiff began working for Defendant on or around May 25, 2007 until on or around April 27, 2017, and at all relevant times hereto held the position of "Detention Officer."

11.   At all times relevant hereto, Plaintiff met or exceeded the employment expectations for his position with Defendant.

12.   Defendant employed fifty (50) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding year within seventy-five (75) miles of Plaintiff's primary work location.

13.   Plaintiff worked for Defendant for more than twelve (12) months prior to Plaintiff's need for leave in 2017.

14.   In or around February 26, 2017, the Plaintiff was admitted into the hospital and was

diagnosed with having a condition requiring medical intervention and physician supervision.

15. Plaintiff's chronic condition limited his ability to perform such major activities such as standing, walking and working.

16. On or around March 6, 2017, Plaintiff's treating physician prescribed bed rest, with further instructions to see his primary physician.

17. Plaintiff's disability worsened and required further medical attention and Plaintiff requested accommodations and also obtained necessary documents to obtain FMLA Leave.

18. Defendant had knowledge of Plaintiff's medical condition and need for medical treatment, prior to April 3, 2017.

19. On or around April 3, 2017 Plaintiff submitted his FMLA request for leave along with the Certification of Health Care Provider indicating a chronic health condition

20. On or around April 27, 2017 Defendant terminated Plaintiff from employment despite the fact that Plaintiff's treating physician provided documentation in support of his leave request, Defendant failed to engage Plaintiff in any sort of interactive process but instead simply refused Plaintiff's requests for the reasonable accommodation and then terminated Plaintiff.

21. Plaintiff was also treated less favorably than similarly situated employees outside his protected class in the terms, conditions, and benefits of employment.

22. Plaintiff also received negative comments about his use of time off for medical reasons, whereas similarly situated non-disabled employees and employees who did not need FMLA leave, were not met with the same treatment received by Plaintiff.

23. Plaintiff has retained Lytle & Barszcz to represent him in this matter, and has agreed to pay

Lytle & Barszcz attorney's fees and costs for their services.

**COUNT I**
**VIOLATION OF THE FAMILY MEDICAL LEAVE ACT**
**29 U.S.C. 2601, et. Seq.**
**(Interference)**

24. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 23 above, as set forth herein.

25. Plaintiff was an eligible employee under the FMLA.

26. Defendant is an employer within the meaning of the FMLA, who employed fifty (50) or more employees within seventy-five (75) miles of Plaintiff's primary worksite for each working day of twenty (20) or more calendar workweeks in the current or preceding year.

27. At all times relevant hereto, Plaintiff suffered from a "serious health condition" as defined by the FMLA and was eligible for leave under the FMLA having worked for Defendant for at least 1,250 hours during the twelve (12) month period immediately preceding his need for leave.

28. Defendant violated the FMLA by denying Plaintiff leave and/or interfering with Plaintiff's leave under the FMLA, denying Plaintiff the full benefits of his leave under the Act, by denying him certain conditions and benefits of employment because of his leave, and by terminating his employment with Defendant for exercising his right under the FMLA.

29. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff suffered and will continue to suffer loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer losses in the future.

30. Plaintiff retained LYTLE & BARSZCZ to represent him in this matter and has agreed to pay said firm attorney's fees and costs for its services.

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

    A.  Back pay, front pay and compensatory damages;

    B.  Pre-judgment and post judgment interest;

    C.  Liquidated damages;

    D.  Attorney's fees and costs; and,

    E.  Such other relief this Court deems just and proper.

## COUNT II
## FAMILY MEDICAL LEAVE ACT
## 29 U.S.C. 2615, et. Seq.
## (Retaliation)

31.    Plaintiff hereby re-alleges and incorporates by reference paragraph 1 through 23 above, as set forth herein.

32.    Defendant violated the FMLA by retaliating against Plaintiff for making protected expressions and by exercising his rights under the FMLA.

33.    As a direct and proximate result of Defendant's violations of the FMLA, Plaintiff suffered and will continue to suffer loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

34.    Plaintiff retained LYTLE & BARSZCZ to represent him in this matter and has agreed to pay said firm attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

    A.  Back pay, front pay and compensatory damages;

    B.  Pre-judgment and post judgment interest;

    C.  Liquidated damages;

D.  Attorney's fees and costs; and,

E.  Such other relief this Court deems just and proper.

### COUNT III
### VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT
### (Disability Discrimination)

35.  Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 23 above, as set forth herein.

36.  Defendant violated the ADA by intentionally discriminating against Plaintiff on the basis of his disability, and/or his perceived disability and/or for Plaintiff having a record of a disability.

37.  Defendant intentionally discriminated and interfered with the terms and conditions of Plaintiff's employment, including denying Plaintiff reasonable accommodations and failing to engage in the interactive process with Plaintiff.

38.  Plaintiff possessed all required qualifications to perform his position and did, in fact, adequately and effectively perform the duties of his position with Defendant.

39.  Plaintiff was also treated less favorably than similarly situated non-disabled employees and was subject to a hostile work environment and harassment.

40.  As a direct proximate result of Defendant's intentional discrimination against the Plaintiff, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff has suffered and will continue to suffer emotional distress as a result of Defendant's actions.

41.  Plaintiff is also entitled to punitive damages based upon Defendant's willful, intentional

and/or reckless indifference to Plaintiff's statutorily protected rights.

42. Plaintiff has exhausted his administrative remedies and has met all administrative prerequisites for bringing this action.

43. Plaintiff has retained LYTLE & BARSZCZ to represent him in this matter and has agreed to pay said firm reasonable attorney's fees for its services.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

    A. Back pay, front pay and compensatory damages including emotional distress;

    B. Punitive Damages;

    C. Pre-judgment and post judgment interest;

    D. Attorney's fees and costs; and,

    E. Such other relief this Court deems just and proper.

## COUNT IV
## AMERICANS WITH DISABILITIES ACT
### (Retaliation)

44. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 23 above, as set forth herein.

45. Defendant intentionally retaliated against Plaintiff because of his opposition to Defendant's unlawful employment practices, as set forth in the preceding paragraphs, in violation of the ADA

46. The actions of the Defendant were willful, wanton, intentional, with malice and/or with reckless indifference to the statutorily protected rights of Plaintiff.

47. As a direct and proximate result of Defendant's violations of the ADA, and/or willful,

knowing and intentional retaliation against him, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

48.   Plaintiff has exhausted his administrative remedies and has met all administrative prerequisites for bringing this action.

49.   Plaintiff has retained LYTLE & BARSZCZ to represent him in this matter and has agreed to pay said firm reasonable attorney's fees for its services.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

A.   Back pay, front pay and compensatory damages, including emotional distress damages;

B.   Punitive Damages;

C.   Pre-judgment and post judgment interest;

D.   Attorney's fees and costs; and,

E.   Such other relief this Court deems just and proper.

## COUNT V
## VIOLATIONS OF THE FLORIDA CIVIL RIGHTS ACT
### (Disability/Handicap Discrimination)

50.   Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 23 above, as set forth herein.

51.   Plaintiff was subjected to unlawful discrimination on the basis of his disability, and/or perceived disability, and/or having a record of a disability.

52.   Plaintiff was treated less favorably than similarly situated non-disabled employees, was subjected to a hostile work environment, and subjected to harassment because of his

8

disability and/or perceived disability and/or record of a disability and was denied conditions and benefits of employment, including reasonable accommodations and Defendant failed to engage in the interactive process with Plaintiff.

53. The actions of the Defendant were willful, wanton, intentional, and with malice and/or reckless indifference to the statutorily protected rights of Plaintiff, entitling him to damages in the form of compensatory and punitive damages.

54. As a direct and proximate result of Defendant's willful, knowing and/or intentional discrimination and retaliation against the Plaintiff, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer losses in the future.

55. Plaintiff has exhausted his administrative remedies and has met all administrative prerequisites for bringing this action.

56. Plaintiff has retained LYTLE & BARSZCZ to represent him in this matter and has agreed to pay said firm reasonable attorney's fees for its services.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

A. Back pay, front pay and compensatory damages including emotional distress damages;

B. Punitive Damages;

C. Pre-judgment and post judgment interest;

D. Attorney's fees and costs; and,

E. Such other relief this Court deems just and proper.

## COUNT VI
## FLORIDA CIVIL RIGHTS ACT
### (Retaliation)

57.	Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 23 above, as set forth herein.

58.	Defendant intentionally retaliated against Plaintiff because of his opposition to Defendant's unlawful employment practices, as set forth in the preceding paragraphs, in violation of the FCRA.

59.	As a direct proximate result of Defendant's violation of the FCRA, Plaintiff, and/or willful, knowing and intentional retaliation, Plaintiff has suffered emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

60.	Plaintiff has exhausted his administrative remedies and has met all administrative prerequisites for bringing this action.

61.	Plaintiff has retained LYTLE & BARSZCZ to represent him in this matter and has agreed to pay said firm reasonable attorney's fees for its services.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

A.	Back pay, front pay and compensatory damages, including emotional distress damages;

B.	Punitive Damages;

C.	Pre-judgment and post judgment interest;

D.	Reasonable attorney's fees and costs of this action; and,

E.	Such other relief this Court deems just and proper.

10

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands jury trial on all issues so triable for each count of this Complaint.


Respectfully submitted on this 15th day of November 2018.

/s/

**Mary E. Lytle. Esq.**
Florida Bar No.: 0007950
**David V. Barszcz, Esq.**
Florida Bar No.: 0750581
**LYTLE & BARSZCZ, P.A.**
543 North Wymore Road
Suite 103
Maitland, FL 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney
**Attorneys for Plaintiff**