**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**Case No. 0:18-cv-62774-KMM**


LOUIS J. MORGAN,

          Plaintiff,

v.

THE GEO GROUP, INC.,

          Defendant.

_____/

## DEFENDANT'S ANSWER AND STATEMENT OF DEFENSES

Defendant, The GEO Group, Inc., files its Answer and Statement of Defenses to Plaintiff's the Complaint, as follows:

### JURISDICTION AND VENUE

1. Defendant admits Plaintiff purports to bring this action under the Family and Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA"), as amended, and the Florida Civil Rights Act ("FCRA"), as amended, but denies that Plaintiff's claims are viable or that Plaintiff is entitled to any relief.

2. Defendant admits that Plaintiff purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367, but denies that Plaintiff's claims are viable or that Plaintiff is entitled to any relief.

3. Defendant admits that venue is appropriate in the Southern District of Florida, but denies that Plaintiff is entitled to any relief.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.      Defendant admits that a Charge of Discrimination was filed with the Equal Employment Opportunity Commission but denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.      Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of the Complaint and, therefore, denies the same.

## PARTIES AND FACTUAL ALLEGATIONS

6.      Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7.      Whether Defendant is a covered employer under the FMLA, ADA, and FCRA is a legal conclusion that requires neither an admission nor denial; Defendant denies the allegations contained in Paragraph 7 of the Complaint on that basis.

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and, therefore, denies the same.

9.      Defendant denies the allegations contained in Paragraph 9 of the Complaint

10.     Defendant denies the allegations contained in Paragraph 10 of the Complaint, except Defendant admits that it previously employed Plaintiff as a Detention Officer.

11.     Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant admits that Plaintiff had been employed by Defendant for more than 12 months, but denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant is without knowledge or information regarding Plaintiff's fee arrangement with his counsel, and therefore, denies the allegations contained in Paragraph 23 of the Complaint.

## COUNT I
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
## 29 U.S.C. 2601. et. Seq.
(Interference)

24. Defendant re-alleges and incorporates its responses to Paragraphs 1-23 of the Complaint as if fully set forth herein.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant admits the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant is without knowledge or information regarding Plaintiff's fee arrangement with his counsel, and therefore, denies the remaining allegations contained in Paragraph 30 of the Complaint.

In response to the unnumbered *ad damnum* clause following Paragraph 30, including subparagraphs (A) through (E), Defendant denies that any cause or controversy exists so as to

entitle Plaintiff to any relief sought in this clause. Defendant respectfully requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice; (b) deny Plaintiff's demands and prayer for relief; (c) award Defendant its costs and attorneys' fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

**COUNT II**
**FAMILY MEDICAL LEAVE ACT**
**29 U.S.C. 2615. *et. seq.***
(Retaliation)

31.      Defendant re-alleges and incorporates its responses to Paragraphs 1-23 of the Complaint as if fully set forth herein.

32.      Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.      Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.      Defendant is without knowledge or information regarding Plaintiff's fee arrangement with his counsel, and therefore, denies the remaining allegations contained in Paragraph 34 of the Complaint.

In response to the unnumbered *ad damnum* clause following Paragraph 34 of the Complaint, including subparagraphs (A) through (E), Defendant denies that any cause or controversy exists so as to entitle Plaintiff to any relief sought in this clause. Defendant respectfully requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice; (b) deny Plaintiff's demands and prayer for relief; (c) award Defendant its costs and attorneys' fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

**COUNT III**
**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**
(Disability Discrimination)

35.     Defendant re-alleges and incorporates its responses to Paragraphs 1-23 of the Complaint as if fully set forth herein.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of the Complaint, and demands strict proof thereof.

43.     Defendant is without knowledge or information regarding Plaintiff's fee arrangement with his counsel, and therefore, denies the remaining allegations contained in Paragraph 43 of the Complaint.

In response to the unnumbered *ad damnum* clause following Paragraph 43 of the Complaint, which contains subparagraphs (A) through (E), Defendant denies that any cause or controversy exists so as to entitle Plaintiff to any relief sought in this clause. Defendant respectfully requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice; (b) deny Plaintiff's demands and prayer for relief; (c) award Defendant its costs and attorneys' fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

## COUNT IV
## AMERICANS WITH DISABILITIES ACT
(Retaliation)

44. Defendant re-alleges and incorporates its responses to Paragraphs 1-23 of the Complaint if fully set forth herein.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint, and demands strict proof thereof.

49. Defendant is without knowledge or information regarding Plaintiff's fee arrangement with his counsel, and therefore, denies the remaining allegations contained in Paragraph 49 of the Complaint.

In response to the unnumbered *ad damnum* clause following Paragraph 49 of the Complaint, including subparagraphs (A) through (E), Defendant denies that any cause or controversy exists so as to entitle Plaintiff to any relief sought in this clause. Defendant respectfully requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice; (b) deny Plaintiff's demands and prayer for relief; (c) award Defendant its costs and attorneys' fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

## COUNT V
## <u>VIOLATIONS OF THE FLORIDA CIVIL RIGHTS ACT</u>
(Disability/Handicap Discrimination)

50.     Defendant re-alleges and incorporates its responses to Paragraphs 1-23 of the Complaint as if fully set forth herein.

51.     Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of the Complaint, and demands strict proof thereof.

56.     Defendant is without knowledge or information regarding Plaintiff's payment arrangement with his counsel, and therefore, denies the remaining allegations contained in Paragraph 56 of the Complaint.

In response to the unnumbered *ad damnum* clause following Paragraph 56 of the Complaint, including subparagraphs (A) through (E), Defendant denies that any cause or controversy exists so as to entitle Plaintiff to any relief sought in this clause. Defendant respectfully requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice; (b) deny Plaintiff's demands and prayer for relief; (c) award Defendant its costs and attorneys' fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

**COUNT VI**
**FLORIDA CIVIL RIGHTS ACT**
(Retaliation)

57.     Defendant re-alleges and incorporates its responses to paragraphs 1-23 of the Complaint as if fully set forth herein.

58.     Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.     Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.     Defendant denies the allegations contained in Paragraph 60 of the Complaint, and demands strict proof thereof.

61.     Defendant is without knowledge or information regarding Plaintiff's fee arrangement with his counsel, and therefore, denies the remaining allegations contained in Paragraph 61 of the Complaint.

In response to the unnumbered *ad damnum* clause following Paragraph 61 of the Complaint, including subparagraphs (A) through (E), Defendant denies that any cause or controversy exists so as to entitle Plaintiff to any relief sought in this clause. Defendant respectfully requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice; (b) deny Plaintiff's demands and prayer for relief; (c) award Defendant its costs and attorneys' fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendant admits that Plaintiff demands a jury trial on all issues triable, but denies any liability or wrongdoing and denies that Plaintiff is entitled to a jury trial in this action..

**STATEMENT OF DEFENSES**

Defendant denies each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that has not been expressly admitted in this pleading.  Below, Defendant asserts defenses to which it does not concede that it bears either a burden of proof or persuasion, and states as follows:

1.  Any actions undertaken with regard to Plaintiff were taken for legitimate, non-discriminatory, and non-retaliatory business reasons.

2.  Plaintiff's claims and/or damages are barred on the grounds that even if any decision concerning Plaintiff was based, in part, on grounds of unlawful discrimination or retaliation, and no decision was, Defendant would have reached the same decision based on other legitimate, non-discriminatory, non-retaliatory reasons.

3.  Plaintiff's claims of discrimination, retaliation, and/or claims for damages are barred because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory and/or retaliatory behavior and Plaintiff unreasonably failed to take advantage of Defendant's preventative or corrective opportunities or to otherwise avoid harm.

4.  Plaintiff's claims are barred, in whole or in part, to the extent that he failed to satisfy jurisdictional prerequisites, and other conditions precedent, to bringing suit.

5.  Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of his Charge of Discrimination.

6.  Plaintiff's claims may, in whole or in part, be barred by the applicable statute of limitations.

9

7. Plaintiff's claims for monetary relief and damages are barred to the extent that Plaintiff failed to mitigate his damages. Defendant is entitled to a set-off against Plaintiff's claim for damages in the amount(s) that Plaintiff did or could have earned through reasonable efforts.

8. Plaintiff's claims are barred by the doctrines of estoppel, waiver, unclean hands and/or laches.

9. To the extent it is discovered that Plaintiff engaged in misconduct, violation of Defendant's policies, or other conduct during his employment that would have resulted in his termination by Defendant had it then been known by Defendant, Plaintiff's remedies and claims must be reduced or dismissed, accordingly.

10. Defendant made good-faith efforts to prevent unlawful discrimination in the workplace, and thus cannot be liable for the actions of its agents or for punitive damages, to the extent the challenged employment decisions were contrary to its efforts to comply with anti-discrimination statutes.

11. Plaintiff's claims for damages are barred or limited to the extent Plaintiff seeks recovery of an amount greater than that permissible under federal or state law, and all such claims are subject to applicable statutory caps or other limits existing at law.

12. To the extent that Plaintiff seeks an award of liquidated damages, such damages are unavailable under applicable law and/or barred because Defendant acted in good faith and had reasonable grounds for believing that its actions did not violate the statutes cited in the Complaint.

13. Plaintiff's claims fail, in whole in part, because to the extent that it is found that Plaintiff is a qualified individual with a disability, the accommodation sought by Plaintiff, if any, would impose an undue hardship on Defendant.

14.     Defendant reserves the right to amend its answer and state such other defenses as become apparent during its investigation and throughout the litigation in this case.

WHEREFORE, Defendant respectfully requests that this Court enter judgment as follows:

a.     Order that Plaintiff take nothing by this action;

b.     Dismiss Plaintiff's Complaint and any claim therein in its entirety with prejudice;

c.     Order that judgment be entered in Defendant's favor;

d.     Award Defendant its attorneys' fees against Plaintiff pursuant to law;

e.     Award costs to Defendant; and

f.     Award Defendant such other relief, both at law and in equity, to which it may be entitled.

DATED:  January 22, 2019

Respectfully submitted,

*/s/ Miguel A. Morel*
Patrick DeBlasio III, Esq.
Florida Bar No. 871737
E-mail:  pdeblasio@littler.com
Secondary:  btapia@littler.com
Miguel A. Morel, Esq.
Florida Bar No. 089163
E-mail:  mamorel@littler.com
Secondary:  dperez@littler.com
Littler Mendelson, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile:  (305) 603-2552

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 22nd day of January 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se identified on the attached Service List in the matter specified either via transmission of notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

BY:  */s/ Miguel A. Morel*
Miguel A. Morel, Esq.

12

## SERVICE LIST

*COUNSEL FOR PLAINTIFF*

Mary Lytle, Esq.
Florida Bar No.
E-mail: mlytle@lblaw.attorney
David V. Barszcz, Esq.
Florida Bar No. 0750581
E-mail:  dbarszcz@lblaw.attorney
LYTLE & BARSZCZ, P.A.
543 North Wymore Road
Suite 103
Maitland, FL 32751
Telephone:  (407) 622-6544
Facsimile:   (407) 622-6545

*COUNSEL FOR DEFENDANT*

Patrick DeBlasio III, Esq.
Florida Bar No. 871737
E-mail:  pdeblasio@littler.com
Secondary:  btapia@littler.com
Miguel A. Morel, Esq.
Florida Bar No. 089163
E-mail:  mamorel@littler.com
Secondary:  dperez@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile:  (305) 603-2552

FIRMWIDE:161823635.3 059218.1377