**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISON
Case No. 18-62774-CIV-ALTMAN/HUNT**

LOUIS J. MORGAN

        Plaintiff,

v.

THE GEO GROUP, INC., a
Florida for Profit Corporation,

        Defendant.

_____/

## ORDER

This matter is before this Court on Plaintiff's First Motion to Compel, ECF No. 24; Motion for Extension of Time, ECF No. 38; and Second Motion to Compel, ECF No. 40. This Court conducted a hearing on these Motions on June 20, 2019.  Having carefully considered the Motions, the Responses, and Replies thereto, oral argument of counsel at the hearing, the Court file, and applicable law, it is hereby ORDERED AND ADJUDGED that the Motions are GRANTED IN PART and DENIED IN PART.

In keeping with the undersigned's rulings on the record, it is hereby ORDERED AND ADJUDGED as follows:

1) Defendant shall turn over all disciplinary files from November 1, 2016, through Plaintiff's termination on May 8, 2017, regarding Officers employed at the same location as Plaintiff who were found to have failed to perform required safety and wellness checks.  Defendant shall also turn over all the personnel files of Officers specifically identified by Plaintiff as having violated the safety and wellness check protocol.

2) Defendant shall turn over all roster briefings, along with accompanying emails and comments, for any day Plaintiff failed to attend an assigned work shift.

3) Defendant shall turn over any Security and Wellness Form data, should such a form be determined to exist.

4) Defendant shall identify and explain any relevant video retention policy, and turn over any video evidence that corresponds to disciplinary actions identified above.

5) Parties shall by June 28, 2019, confer and agree on reasonable search terms and perform a search of all electronically stored information regarding Plaintiff and his FMLA claim.  This search shall be limited temporally from November 1, 2016, through and including Plaintiff's termination.  Defendant shall turn over any document or communication regarding Plaintiff's FMLA request, regardless of the medium in which it is stored.

6) Defendant shall identify and turn over any relevant facility policies, corporate policies, and warden memoranda from 2013 through Plaintiff's termination.

7) Defendant shall identify and turn over any Chronos Report comments regarding Plaintiff's absences.

8) The Parties shall enter into a confidentiality agreement.  After such agreement, Parties shall confer on any outstanding redactions. Any redactions no longer necessary pursuant to the confidentiality agreement shall be unredacted.  For any redactions due to a claim of privilege, the Parties shall create a privilege log.

9) The Parties shall note that they are under a continuing duty to amend their responses to discovery requests as necessary.

10) Defendant shall turn over all responsive material on or before July 8, 2019.  Parties shall file any additional discovery motions on or before July 26, 2019.

11) The Motions are otherwise DENIED WITHOUT PREJUDICE.

**DONE AND ORDERED** at Fort Lauderdale, Florida this 21st day of June, 2019.


_____

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Roy K. Altman
All Counsel of Record