UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 18-62774-CIV-ALTMAN/HUNT

LOUIS J. MORGAN

                    Plaintiff,

v.

THE GEO GROUP, INC.,

                    Defendant.
_____/

**ORDER**

This matter is before this Court on Plaintiff's Motion to Compel Clear Responses to Requests for Admissions and Related Documents, ECF No. 92.  Having carefully considered the Motion, the Response, the Court file, and applicable law, it is hereby ORDERED AND ADJUDGED that the Motion is GRANTED IN PART and DENIED IN PART.

Plaintiff's Motion concerns Defendant's responses to Plaintiff's lengthy Request for Admissions.  Plaintiff's issues fall into two general categories.  First, Plaintiff challenges several of Defendant's affirmative denials on the grounds that the denials allegedly conflict with other evidence.   Second, Plaintiff challenges Defendant's responses as to items about which Defendant claims to have insufficient information.

Regarding the first category, the undersigned sees no reason to revisit the majority of the affirmative denials.  "While an admission in response to a request for admission is sufficient evidence to support removal, a denial of a request for admission only establishes that the matter is in dispute." *Ortiz v. Circle K Stores, Inc.*, No. 8:15-CV-1441-T-27TBM, 2015 WL 12861165, at *1 (M.D. Fla. Nov. 4, 2015) (internal quotations and

1

citations omitted).   That Plaintiff disputes many of Defendant's denials is not a valid reason to challenge said denials.

There is, however, one affirmative denial that must be specifically addressed. Request No. 26 asks for Defendant to "admit that the recording made on March 21, 2019 from 0600 hours to 0800 hours from DVR 15 Camera 1 do not evidence any Detention Officer conducting Security and welfare checks during that date and time." Although Defendant affirmatively denied the request, Plaintiff notes that Defendant has previously represented through counsel, in response to a Request for Production, that such a recording no longer exists.  See ECF No. 90.   Plaintiff reasonably asks how Defendant could definitively respond to the Request if the recording no longer exists.   The undersigned is likewise curious as to how Defendant was able to conclusively address the Request, and finds that Defendant must either amend its answer to explain this discrepancy or immediately turn over the tape in question to Plaintiff.

The remainder of Plaintiff's objections concern those responses to which Defendant claims to have insufficient information.  Defendant's responses to Requests Nos. 5, 6, 7, 8, 11, 12, 13, 18, 29, and 31, state generally some form of the following:

> Defendant has made a reasonable inquiry and the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny the allegation set forth in Request No. [Applicable Number].  As such, Request number [Applicable Number] is denied.

Similarly, Defendant's responses to Requests Nos. 30 and 45 murkily state only, "Denied as phrased."

In its August 26, 2019 Order, this Court made very clear that "[i]f Defendant cannot answer any Request due to a claimed lack of knowledge or any other reason, it must explain why it is unable to answer in sufficient detail for Plaintiff and this Court to

2

determine whether the failure to answer is justified." ECF No. 90.   Defendant's lawyerly responses plainly fail this simple requirement.   Defendant therefore shall supplement its responses by either admitting or denying the requests, or responding to the Requests with enough detail as to why it is unable to do so.

Accordingly, it is hereby ordered as follows:

Plaintiff's Motion to Compel Clear Responses to Requests for Admissions and related documents, ECF No. 92, is GRANTED IN PART and DENIED IN PART. Defendant shall amend its answers to Requests for Admissions Nos. 5, 6, 7, 8, 11, 12, 13, 18, 26, 29, 30, 31, and 45.   Defendant's amendments shall be delivered to Plaintiff on or before September 16, 2019.   Plaintiff shall file any objections on or before September 17, 2019.   Any response shall be filed on or before September 18, 2019.   Plaintiff's Motion is otherwise DENIED.[1]

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida, on September 13, 2019.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Hon. Roy K. Altman
All Counsel of Record

---

[1] Although the undersigned declines to award sanctions at this time, the Parties are on notice that either a party's inadequate response to a request or a frivolous challenge to a response may be subject to sanction.